IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHAD RICHARD GOFF                                                                        PLAINTIFF

v.                              Civil No. 12-2288

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Chad Goff, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his DIB and SSI applications on October 7, 2010, and September 2, 2011, respectively, alleging an onset date of March 31, 2005, due to major dysfunction of a joint, depression, back and neck pain, hepatic steatosis, hand pain, attention deficit disorder ("ADD"), and attention deficit hyperactivity disorder ("ADHD").  Tr. 115-118, 142-148, 160, 185-186, 204-206.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

61-62. An administrative hearing was held on August 31, 2011. Tr. 29-60. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 36 years old, possessed a limited education, and had past relevant work experience as a framing carpenter and welder's helper. Tr. 32-33, 36-38.

On October 4, 2011, the ALJ found Plaintiff's disorder of the left knee status post surgery, chronic low back pain, and hepatic stenosis to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-16. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.1567(a) and 416.967(a) except that due to his symptoms and the side effects of his medication he cannot climb, balance, kneel, crouch or crawl and must avoid all hazards, including driving as a part of work, machinery and heights. The claimant can occasionally stoop.

Tr. 16. However, the ALJ concluded that Plaintiff's non-exertional limitations did not significantly erode the occupational base for sedentary work, and utilized the Vocational-Medical Guidelines to determine Plaintiff was not disabled. Tr. 20-21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 22, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

We note that the ALJ determined that Plaintiff's mental impairments were non-severe. He then went on to assign an RFC assessment that included no mental limitations. However, these conclusions are not supported by substantial evidence. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520©). The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing

with changes in a routine work setting. *Id*. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see also Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir.2007) (internal quotation marks omitted). However, when determining a Plaintiff's RFC, the Commissioner is required to consider all medically determinable impairments of which he is aware, including medically determinable impairments that are not severe. 20 C.F.R. § 416.945(a)(2).

In the present case, the ALJ acknowledged Plaintiff's diagnoses of ADHD, depression, anxiety disorder, and panic attacks. He also acknowledged Plaintiff's prescriptions for Xanax and Ritalin. Further, the ALJ specifically noted Plaintiff's treating doctor's notation that Plaintiff suffered from decreased alertness, mental skills, and mental status. Tr. 461, 463. However, in spite of this evidence, the ALJ determined that Plaintiff's mental impairments were not severe and failed to include any resulting limitations in Plaintiff's RFC assessment. We find this to be error.

The ALJ also failed to properly consider the limitations resulting from Plaintiff's prescribed medications. Records reveal that Plaintiff was prescribed Oxycodone (two separate doses), Methadone, Xanax, and Ritalin to be taken several times per day. These are all strong prescription medications with numerous side effects and tend to be contraindicated. Although the ALJ did consider the physical limitations (*i.e.,* balancing, stooping, bending, balancing, crawling, working near heights and hazards, etc.) associated with these medications, he failed to consider the effect the medications might have on Plaintiff's mental abilities. And, the ALJ

5

is required to consider the dosage, effectiveness, and side effects of medication. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984);20 C.F.R. § 404.1529(c)(3) (2003). Accordingly, we believe remand is also necessary to allow the ALJ to develop the record further with regard to Plaintiff's RFC. A consultative exam should be ordered to determine Plaintiff's true level of functioning while taking these medications in combination.

We also note that, in spite of the evidence supporting Plaintiff's diagnoses and his consistent prescriptions for medication to treat his mental impairments, the record does not contain a mental RFC assessment. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence). Therefore, remand is necessary to allow the ALJ to order a consultative mental evaluation, complete with a mental RFC assessment.

**IV.    Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of January 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)